UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DARLENE A. BARNEY,

    Petitioner,

v.

NICOLE ENGLISH, Warden,

    Respondent.

Civil No. 11-166 (ADM/LIB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In 2007, Petitioner entered a guilty plea in the United States District Court for the Southern District of Iowa to a charge of conspiracy to distribute cocaine base. She was later sentenced to ten years in federal prison, and she is presently serving her sentence at the Federal Correctional Institution in Waseca, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner did not challenge her conviction or sentence on direct appeal. However, she did file a timely post-conviction motion under 28 U.S.C. § 2255, which presented several claims of ineffective assistance of counsel. The trial court denied Petitioner's § 2255 motion on the merits, and she was not granted a Certificate of Appealability. (See 28 U.S.C. § 2253.)

After the Fair Sentencing Act, ("FSA"), was enacted in August 2010, Petitioner filed another motion in the trial court, this time contending that her sentence should be reduced pursuant to the FSA. That motion was denied in December 2010.

In Petitioner's current § 2241 habeas corpus petition, she is renewing her bid for a reduced sentence pursuant to the FSA. Petitioner contends that she is "actually innocent" of the ten-year sentence that she is serving, because under the FSA she would not have been given a ten-year sentence. Petitioner argues that under the FSA –

> "[i]t now takes 28 grams [of cocaine base] to trigger a 5 year sentence and 280 grams to trigger a 10 year term of sentence. Petitioner Barney was convicted and sentenced [to] a 10 year term of incarceration for a weight of 58.3 grams, clearly not an amount sufficient to invoke a 10 year/120 month sentence."

(Petitioner's Memorandum in Support of Petition, [Docket No. 2], p. 3.)

Petitioner claims that she is "actually innocent of the required amount of cocaine base/crack necessary to trigger a 10-year mandatory sentence since the law has changed," and thus she is "actually innocent of committing the crime that requires imposition of a 10–year sentence." (Id., pp. 1-2.) Petitioner also contends that she is eligible for relief under § 2241, because the remedy provided by § 2255 is inadequate or ineffective for her current claim for relief. (Id., pp. 2-4.) However, the Court finds that the current habeas corpus petition must be summarily denied, for the reasons discussed below.

2

## II.     DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his or her conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his or her conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his or her original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the 120-month prison sentence imposed in her federal criminal case. Petitioner claims that her current sentence should be vacated, and she should now be re-sentenced, because the sentencing law applicable to her offense was amended by the FSA. Because Petitioner is directly challenging the validity of the sentence imposed by the trial court judge in her criminal case, her current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

Petitioner contends that the savings clause does indeed apply here, because § 2255 does not provide an adequate remedy for her current claim. She argues that her current claim could not be brought under § 2255, because she already filed a § 2255 motion before the FSA was enacted, and she is not eligible to file a second or successive § 2255 motion at this time. (Petition, p. 5, § 7(d).)[2] Petitioner also points out that she is now time-barred from seeking relief under the one-year statute of limitations imposed by 28 U.S.C. § 2255(f). (Id.)

For present purposes, the Court will accept Petitioner's contention that § 2255 is not an adequate remedy for her current claim and she should therefore be allowed to present her current FSA claims in a § 2241 habeas corpus petition. However, the current petition must nevertheless be summarily dismissed, because Petitioner's current claim for relief clearly fails on the merits.

---

[2] Petitioner could be eligible to file another § 2255 motion if her claim were based on a new rule of constitutional law that was retroactively applicable, (see 28 U.S.C. § 2255(h)(2)), but Petitioner's claim is based on a statutory change, not a new court ruling on a constitutional issue. Therefore, Petitioner's contention that she could not raise her current claim in a new § 2255 motion appears to be correct.

4

As Petitioner correctly points out, the FSA "amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10-year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum." United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010). Petitioner's submissions show that she was convicted for an offense involving 58.3 grams of cocaine base. Therefore, <u>if</u> the FSA were retroactively applicable, so that Petitioner could be re-sentenced under the FSA, it appears that the mandatory minimum sentence for Petitioner's offense would now be five years, rather than ten years.

However, the FSA is <u>not</u> retroactively applicable to cases in which a sentence was imposed before the effective date of the new law. Since the enactment of the FSA, numerous federal courts have considered whether the law is retroactively applicable to cases in which the defendant was sentenced before the FSA went into effect. Those courts have uniformly concluded that the FSA is not retroactively applicable.

The Sixth Circuit Court of Appeals was the first federal appellate court to consider whether the FSA is retroactively applicable. In <u>United States v. Carradine</u>, 621 F.3d 575 (6th Cir. 2010), the Court squarely held that the FSA is <u>not</u> retroactively applicable to cases in which a sentence was imposed before the FSA was signed into law on August 3, 2010. The Court pointed out that 1 U.S.C. § 109, (commonly referred to as "the general savings statute"), requires federal courts to apply the sentencing law in effect when a criminal offense was committed, unless the sentencing law is later amended, <u>and Congress has expressly declared that the amended statute should be applied retroactively</u>. Congress did <u>not</u> declare that the FSA should be applied retroactively. Therefore, the Sixth Circuit concluded in <u>Carradine</u> that the FSA cannot be applied retroactively. The Court explained

that –

> "The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question."

Carradine, 621 F.3d at 580.

Petitioner may believe that Carradine was wrongly decided, and should not be followed here. However, this Court has no choice but to follow Carradine, because the Eighth Circuit Court of Appeals has expressly adopted Carradine's reasoning and conclusion regarding the retroactivity of the FSA. In three recent cases, the Eighth Circuit has agreed that, pursuant to 1 U.S.C. § 109, the FSA cannot be applied retroactively. United States v. Brown, No. 10-1791 (8th Cir. Oct. 12, 2010), (unpublished opinion), 2010 WL 3958760 at *1 (18 U.S.C. § 841 "has been amended to raise the threshold for imposition of a 120-month minimum prison sentence, see Fair Sentencing Act of 2010,... but the amendment was not made retroactive") (citing Carradine) (emphasis added); United States v. Brewer, 624 F.3d 900, 909, n. 7 (8th Cir. 2010) ("the Fair Sentencing Act contains no express statement that it is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed") (citing Brown and Carradine); United States v. Williams, No. 10-2500 (8th Cir. Jan. 20, 2011), 2011 WL 167073 (unpublished opinion) at *1 (citing other Circuit Court decisions holding that FSA is not retroactively applicable). While this Court could, theoretically, decline to follow Carradine, the Court must follow the Eighth Circuit's decisions in Brown, Brewer, and Williams.

Moreover, Brown, Brewer, and Williams, (as well as Carradine), are hardly anomalous. As far as the Court can tell, every federal court that has considered the retroactivity issue has concluded that the FSA is not retroactively applicable. See Gomes, 621 F.3d at 1346; United States v. Diaz, No. 10-317-cr, __ F.3d __, __ (2nd Cir. Dec. 15, 2010), 2010 WL 5094222 at *1 (per curiam); United States v. Bell, No. 09-3908, ___ F.3d ___, ___ (7th Cir. Oct. 20, 2010), 2010 WL 4103700 at *10-11; United States v. Reevey, No. 10-1082 (3rd Cir. Dec. 14, 2010), 2010 WL 5078239 at * 3-4 (unpublished opinion). See also United States v. Wagnoner, Crim. No. 88-93(3) (PAM), (D.Minn. Oct. 28, 2010) (Magnuson, J.), 2010 WL 4363429 at *1 ("[a]s the Eighth Circuit recently noted, because the Fair Sentencing Act contains no express language that it is retroactive, 'the statutory minimum existing at the time the offense was committed governs'") (quoting Brown, supra, and citing Carradine).

Thus, the Court concludes that the FSA cannot be applied retroactively, which means that Petitioner's sentence cannot be modified based on the FSA. The Court must therefore recommend that Petitioner's current habeas corpus petition be denied on the merits, and that this action be dismissed with prejudice.

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, ("IFP"), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED**; and

3. This action be summarily **DISMISSED WITH PREJUDICE**.

Dated: January 25, 2011

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 8, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.