UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Darlene A. Barney,

                Petitioner,          **ORDER ADOPTING REPORT**
    v.                               **AND RECOMMENDATION**
                                        Civil No. 11-166 ADM/LIB

Nicole English, Warden,

                Respondent.

_____

Darlene A. Barney, pro se.

Kimberly M. Hare, Esq., Assistant United States Attorney, on behalf of Respondent.

_____

On January 21, 2011, Petitioner Darlene A. Barney applied for habeas corpus relief [Docket No. 1] and for permission to proceed *in forma pauperis* [Docket No. 3]. The matter was referred to United States Magistrate Judge Leo I. Brisbois pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

On January 25, 2011, Judge Brisbois issued a Report and Recommendation, recommending the petition be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts, because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." [Docket No. 4]. Petitioner filed a timely Objection [Docket No. 5], and Respondent filed a Response [Docket No. 6].

In 2007, in the United States District Court for the Southern District of Iowa, Petitioner pleaded guilty to conspiracy to distribute cocaine base. On January 18, 2008, she was sentenced to the mandatory minimum term of ten years' imprisonment; she is currently serving her sentence at the Federal Correctional Institute in Waseca, Minnesota. Petitioner did not appeal

her conviction or sentence, but filed several post-sentencing motions, including a 28 U.S.C. § 2255 motion, which was denied on the merits.

In August 2010 Congress enacted the Fair Sentencing Act ("Act"), Pub. L. 111-220, 124 Stat. 2372 (2010), which amended 18 U.S.C. § 841 to reduce the penalties for cocaine base offenses. Petitioner moved for a sentence reduction based on the Act, which was denied in December 2010. This habeas petition followed.

Petitioner's claim arises from her conviction of a crime involving an amount of crack cocaine which is no longer sufficient to trigger the ten year mandatory minimum sentence she received. As Judge Brisbois observed, if the Act were applicable retroactively, Petitioner might be subject to a five year mandatory minimum sentence. However, the Eighth Circuit has held clearly and repeatedly that the Act does not apply retroactively to persons sentenced before its effective date. See United States v. Brewer, 624 F.3d 900, 909 n. 7 (8th Cir. 2010); United States v. Brown, 396 Fed. Appx. 328, 329 (8th Cir. 2010) (per curiam); United States v. Williams, No. 10-2500 (8th Cir. Jan. 20, 2011), 2011 WL 167073, *1 (unpublished) (per curiam). This Court is bound by Eighth Circuit precedent.

In her Objection, Petitioner cites a number of cases in which federal district courts have applied the Act to defendants sentenced after the Act's effective date. See Objection at 3-7. These cases are factually and legally distinct from Petitioner's case. Petitioner's conviction and sentence became final in 2008, well before the Act became effective, and as such, the Act applies to Petitioner only if it is retroactive. The Eighth Circuit has held it is not. The Fair Sentencing Act does not apply to Petitioner's sentence, and therefore provides no basis to modify the sentence.

After an independent, *de novo* review of the files, records and proceedings in the above titled matter, the Objection is overruled and the Report and Recommendation is adopted. For the sound reasons set forth in the Report and Recommendation **IT IS ORDERED**:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] is **DENIED**;

2. Petitioner's application for leave to proceed *in forma pauperis* [Docket No. 3] is **DENIED**;

3. This action is summarily **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 3, 2011.